UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Virgie P. Walker,<br><br>    Plaintiff,<br><br>vs.<br><br>Honorable Judge Mikell R. Scarborough; Korn Law Firm, PA; Paralegal Elizabeth A. Koslarek; Reverse Mortgage Solutions Inc., for the benefit of Bank of America; Attorney Dean A. Hayes,<br><br>    Defendants. | C/A No.: 2:13-1918-RMG-BHH<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Virgie P. Walker, files this action against Defendants, seeking injunctive and monetary relief. Plaintiff is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a plausible claim on which relief may be granted by this Court.

Factual and Procedural Background

Plaintiff appears to have entered into a "reverse mortgage" with Defendant Reverse Mortgage Solutions, Inc. ("RMS"), on April 4, 2008, encumbering his property located at 2177 Rose Bush Lane, Charleston, South Carolina 29203 ("the property"). (*See* ECF

No. 11.) Plaintiff claims that RMS violated the South Carolina Reverse Mortgage Act, S.C. Code Ann. § 29-4-60, "by failing to provide Independent Counseling from the South Carolina State Housing Finance and Development Authority at the time of the application." (ECF No. 11.) Plaintiff complains that, as a result of not receiving this counseling, he failed to understand his continuing obligation to pay the taxes and insurance on the property. Consequently, RMS foreclosed on the property. Defendant Korn Law Firm PA handled the foreclosure for RMS, and Defendant Judge Mikell R. Scarborough presided over the proceedings. Plaintiff gives no indication of the role of the remaining Defendants.[1]

In his case, Plaintiff has filed a "Motion to Cease and Desist" (ECF No. 1); "Motion to Restore Title to Legal Owner" (ECF No. 4); and "Motion to Compensate Plaintiff per Law" (ECF No. 3) (collectively, "the pleadings"). By these Motions, Plaintiff appears to seek to stop his eviction, regain title to the property, and recover monetary damages.

## Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis

---

[1] The undersigned believes that Plaintiff used "State of South Carolina, County of Charleston Master in Equity" as descriptors applying to Defendant Judge Scarborough, and did not intend to add them as independent parties. In a separately-docketed order, the undersigned has dismissed the State of South Carolina and County of Charleston Master in Equity as defendants herein.

either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the complaint to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the complaint to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). As federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is

3

required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Clearly, there is no basis for a finding of diversity jurisdiction over these parties and these pleadings. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may

4

be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn.13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 in this case because, according to information provided by Plaintiff (*see* ECF No. 12 at 3), Plaintiff and all Defendants are citizens and residents of South Carolina.

It is also clear that the essential factual allegations contained in Plaintiff's pleadings are insufficient to show that this case is one "arising under the Constitution, laws, or treaties of the United States," i.e., Plaintiff's pleadings fail to state a claim cognizable under this Court's federal question jurisdiction.[2] *See* 28 U.S. C. § 1331. Plaintiff claims a violation of S.C. Code Ann. § 29-4-60, but a claim under a state statute is not a federal issue. Plaintiff contends that the ruling in his state foreclosure action "violate[d his] rights and is an illegal foreclosure" in the Charleston County Magistrate's Court, but such state court action and judgment cannot be reviewed or set aside by this Court.

Longstanding precedents preclude the United States District Courts from reviewing the findings or rulings made by state courts, including decisions of a state court having jurisdiction over real property matters. Appeals of orders issued by lower state courts must go to a higher state court, with only the Supreme Court of the United States being able to review a decision of a state court in a direct appeal. 28 U.S.C. § 1257; *see also id.* § 1738 (federal court must accord full faith and credit to state court judgment). In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the United States Supreme

---

[2] To the extent Plaintiff may have wished to bring an action for violation of the federal Truth in Lending Act, *see* 15 U.S.C. § 1648, he is barred from doing so by the relevant statute of limitations, *see* 15 U.S.C. § 1640(e).

Court held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *Id.* at 476; *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

This prohibition on review by federal district courts of state court proceedings or judgments is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine, and applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 484–86. The principle of the *Rooker-Feldman* doctrine was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), which held that the *Rooker-Feldman* doctrine applies when the loser in a state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *See also Davani v. Va. Dep't of Transp.*, 434 F.3d 712 (4th Cir. 2006). Further, the Rooker-Feldman doctrine applies even if the state court litigation has not reached a state's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn.3–4 (9th Cir. 1986). As Plaintiff claims that he was injured by decisions made and an outcomes reached in a Charleston County court, to rule in Plaintiff's favor would, necessarily, require this Court to overrule and reverse orders and rulings made in a state court. Such a result is prohibited under the *Rooker-Feldman* doctrine.[3] *Davani*, 434 F.3d at 719–20; *see also Exxon Mobil Corp. v.*

---

[3] Plaintiff mentions S.C. Code Ann. 29-4-60, but he does not present any general challenge to the constitutionality of this South Carolina statute, as is an exception to the Rooker-Feldman Doctrine. *See Feldman*, 460 U.S. at 486.

*Saudi Basic Indus. Corp.*, 544 U.S. at 293–94; *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 201 (4th Cir. 1997).

To the extent Plaintiff might allege that Defendant Judge Scarborough violated Plaintiff's rights, his pleadings fail to state a cognizable claim under 42 U.S.C. § 1983.[4] A judicial officer in the performance of his or her duties has absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). This immunity extends to judges of courts of limited jurisdiction, such as municipal and magistrate court judges. *Figueroa v. Blackburn*, 208 F.3d 435, 441–43 (3d Cir. 2000). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Judicial immunity is not pierced by allegations of corruption or bad faith. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (holding that "immunity applies even when the judge is accused of acting maliciously and corruptly"); *Bradley v. Fisher*, 80 U.S. 335, 347 (1871) ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed"). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles*, 502 U.S. at 11. The doctrine of absolute judicial immunity also precludes the award of injunctive relief against this Defendant. *See* 42 U.S.C. § 1983 ("In

---

[4] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Plaintiff includes as defendants in the caption of his Motion to Cease and Desist, Attorney Dean A. Hayes and Paralegal Elizabeth A. Koslarek, yet he fails to make any factual allegations regarding these Defendants' personal involvement in violating Plaintiff's rights. Although the Court is bound to liberally construe his *pro se* pleadings, Plaintiff must do more than list a name as a party defendant, without supporting factual allegations to state a claim. The United States Supreme Court explains the requirement of Rule 8 for pleadings to make a "'short and plain statement of the claim,'" as follows:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)). The pleadings in this case fall short of this requirement in the "naked assertion" that Hayes and Koslarek are party defendants. *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support [plaintiff's] bare assertion"). While Plaintiff is not required to

plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Thus, the pleadings fail to state a claim against these two Defendants.

## Conclusion

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case, without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 3, 2013
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).